# EXHIBIT 3

Case 2:14-cv-01684-RDP   Document 1-3   Filed 08/29/14   Page 2 of 9
Case 3:09-cv-00108-RRA   Document 19   Filed 08/11/2009   Page 1 of 6

FILED
2009 Aug-11 AM 09:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| TWYLA MILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV-09-RRA-0108-NW |
| | ) |
| WAL-MART STORES EAST, L.P., | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION and ORDER

Before the court are the plaintiff's third motion to amend or correct her complaint (ct. doc. 13) and her second motion to remand (ct. doc. 14).

On April 16, 2009, the magistrate judge recommended that the plaintiff's motion to remand be denied, stating that "[t]he plaintiff's failure to admit that her claim is not in excess of $75,000.00, is deemed an admission by the plaintiff that her claim exceeds $75,000.00." No objections were filed to that recommendation. On May 13, 2009, the district judge accepted the report and recommendation and denied the plaintiff's motion to remand.

On July 7, 2009, the plaintiff filed a third motion to amend her complaint. On that same day, the plaintiff also filed a motion to remand, based on the allegations that were to appear in the third amended complaint. The defendant filed a response to the plaintiff's motions on July 10, 2009.

In the plaintiff's reply to the defendant's response, she stated:

> The Counsel for Plaintiff offers the following stipulation is support of Plaintiff's motion for remand: Plaintiff specifically stipulates that the amount in controversy does not exceed $75,000.00 including compensatory and punitive damages, and under no circumstances shall Plaintiff seek nor accept more than $75,000.00, even if the jury

verdict exceeds that amount.

(Doc. 16, p. 1.) The plaintiff's third motion to amend states, in pertinent part:

> 1.   The Plaintiff files this motion to correct a typographical error concerning the date of injury. The original complaint states the date of loss or injury as July 7, 2007. The Plaintiff asks for leave of Court to amend the Complaint to reflect July 9, 2007 as the date of injury and or loss.
>
> 2.   The Plaintiff filed its original complaint on the 17th of October, 2008, and an amended complaint on December 18, 2008 in state court for an un specified amount of damages. Plaintiff maintains due to the passage of time, compensatory damages are now more readily ascertainable.
>
> 3.   The Plaintiff now seeks to amend the unspecified amount of said damages to $74,000.00, exclusive of interests and costs.

(Doc. 13, p. 1.)

The motion to amend is hereby GRANTED.

As to the motion to remand, the court has previously determined that the amount in controversy was satisfied in this matter. The third amended complaint, and the stipulation filed by the plaintiff, attempt to lower the amount in controversy below the $75,000.00 threshold.

In *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (U.S. 1938), the Supreme Court held that "[e]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *Id.* at 293. The court further stated that if "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his [or her] pleadings, reduces the claim below the requisite amount, this does not deprive the court of jurisdiction." *Id.* at 292. The court explained:

> We think this well established rule is supported by ample reason. If the

2

plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice. The claim, whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election. If he does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.

*Id.* at 294.

In opposition, the plaintiff cites *Brooks v. Pre-Paid Legal Servs., Inc.*, 153 F.Supp.2d 1299 (M.D. Ala. 2001). In that case, the plaintiff filed a post-removal stipulation, like the one filed in this case. The *Brooks* court, noting the *St. Paul* case, stated:

> The court is aware of opinions from other jurisdictions that have retained cases even after a plaintiff limited his or her damages. These courts have advanced two primary reasons for their holdings. The first is that such limitations ostensibly are inconsistent with *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290, 58 S.Ct. 586, 82 L.Ed. 845 (1938), which teaches that courts must determine jurisdiction as of the moment of filing rather than on the basis of subsequent events. *See, e.g., Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 873 (6th Cir.2000); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (per curiam). The second is that post-removal damages limitations may possibly lead to forum shopping by parties who might "unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Rogers, supra* at 872; *see also McCoy v. Erie Ins. Co.*, 147 F.Supp.2d 481, 486 (S.D.W.Va.2001) (discussing "unseemly forum gaming, which has occurred frequently in the wake" of Adkins, *supra* ). The court believes that these unpersuasive decisions have improvidently expanded the holding of *St. Paul* and have given unduly narrow consideration to basic principles of federal jurisdiction.
>
> Initially, the court stresses that *St. Paul* did not hold that post-removal stipulations are unallowable per se. In *St. Paul*, the plaintiff brought a complaint for indemnity of $3,000, which exceeded the jurisdictional minimum. The defendants removed, and the district court retained jurisdiction even though the plaintiff later submitted a bill of costs showing that it really expected to receive a verdict of less than $3,000. The Supreme Court affirmed, stating that the plaintiff's later statement was "not inconsistent with the making of a claim in good faith for over $3,000 when the suit was instituted." *St. Paul*, 303 U.S. at 296, 58 S.Ct. 586. The Court relied on *Kanouse v. Martin*, 15 How. 198, 200, 14 L.Ed. 660 (1853), which likewise held that a plaintiff who scaled back his demand, but did not disavow an intent to seek beyond the jurisdictional limit when he filed, could not avoid federal court. A crucial fact in both *St. Paul* and *Kanouse* is that the plaintiffs acknowledged that their complaints

3

> triggered the amount in controversy at the moment of removal. In this case, on the other hand, Plaintiffs have submitted affidavits bearing on their initial demand and showing that federal jurisdiction has never properly attached. *See Moss*, 43 F.Supp.2d at 1303. There is a difference, of course, between a court's choice to divest itself of jurisdiction and its finding that it lacks jurisdiction. No controlling precedent requires the court to retain jurisdiction despite Plaintiff's explicit assurance that his Complaint proves that he "does not desire to try his case in the federal court." *St. Paul*, 303 U.S. at 294, 58 S.Ct. 586.
>
> Moreover, four bedrock principles of federal jurisdiction require courts to effectuate post-removal stipulations. First, federal courts are tribunals of limited jurisdiction. Second, the diversity statute is strictly construed because of the significant federalism concerns raised by federal courts passing on matters of state law. Third, a plaintiff is the master of her complaint, and a plaintiff suing diverse defendants can avoid federal court by limiting her prayer for damages to less than $75,000. Fourth, a plaintiff is charged with knowledge of her complaint, and the amount of damages that she seeks. See *Gardner v. Allstate Indem. Co.*, 147 F.Supp.2d 1257, 1264 (M.D. Ala.2001). None of these interests are furthered when a federal court keeps a diversity case because of some doctrinaire reading of judicial dicta that is divorced from congressional will and any legitimate policy interests.
>
> Accordingly, the court adheres to this District's prior precedent, considers Plaintiffs' affidavit, and finds that Defendants have not met their burden of showing that the amount in controversy exceeds $74,500. *See Moss*, 43 F.Supp.2d at 1303-04. The court emphasizes that, while it does not call into question the integrity of Plaintiffs' damages stipulation, should Plaintiffs disregard their demand and pursue or accept damages in excess of $75,000, then upon motion by opposing counsel, sanctions will be swift in coming and painful upon arrival. *See McGhee*, 928 F.Supp. at 1104.

*Brooks v. Pre-Paid Legal Servs., Inc.*, 153 F. Supp. 2d 1299, 1301-1302 (M.D.Ala. 2001).

The plaintiff argues that "[c]ases holding that a later amendment asserting less than the jurisdictional amount is ineffective to defeat removal jurisdiction have typically been ones in which the complaint at the time of removal expressly stated a claim in excess of the jurisdictional amount." She also argues that the defendant's use of answers to admissions as a basis for removal is speculative.

*Brooks* can be distinguished from the case now before this court. It cannot be said that

jurisdiction in the instant case "never attached." Here, the court has already determined that jurisdiction was satisfied, based upon the plaintiff's admissions. Upon that event, the amount in controversy was not speculative, and jurisdiction attached.

The plaintiff also cites to *Egan v. Premier Scales & Systems*, 237 F. Supp. 2d 774 (W.D. Ky.2002), where the district court wrote, "This Court holds, consistent with the position adopted by the Sixth Circuit prohibiting reductions or changes from claims in their initial complaint, that where a plaintiff provides specific information about the amount in controversy for the first time, it should be deemed a clarification rather than a change." *Egan v. Premier Scales & Systems*, 237 F.Supp.2d 774, 778 (W.D.Ky. 2002). However, this pending case does not present the situation where the plaintiff has "for the first time" clarified the amount in controversy. She could have clarified by responding to the defendant's requests for admissions, but she chose not to do so. Further, the plaintiff could have filed the stipulation before the first motion to remand was filed by the defendant, or she could have filed it in response to the first motion to remand.

Wherefore it is RECOMMENDED that the second motion to remand be denied. Any party may file specific written objections to this report and recommendation within ten (10) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within ten (10) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.

A copy of the objections must be served upon all other parties to the action.

DONE and ORDERED this 10th day of August, 2009.

/s/ Robert R. Armstrong
Robert R. Armstrong, Jr.
United States Magistrate Judge

Case 3:09-cv-00108-RDP   Document 8   Filed 05/13/09   Page 1 of 1

FILED
2009 May-13 AM 11:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| TWYLA MILES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV-09-RRA-0108-NW |
| WAL-MART STORES EAST, L.P., | ) ) ) |
| Defendant. | ) |

### ORDER

Before the court is the plaintiff's motion to remand. (Doc. 3.) In accordance with the Memorandum Opinion entered contemporaneously herewith, the motion is **DENIED**.

This action is **REMANDED** to the magistrate judge for further proceedings.

**DONE** and **ORDERED** this 13th day of May, 2009.

*/s/ Robert B. Propst*
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

FILED
2009 May-13 AM 11:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| TWYLA MILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV-09-RRA-0108-NW |
| | ) |
| WAL-MART STORES EAST, L.P., | ) |
| | ) |
| Defendant. | ) |

### Memorandum Opinion

Before the court is the plaintiff's motion to remand. (Doc. 3.) On April 16, 2009, the magistrate recommended that the motion to remand be denied. No objections have been filed.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. An appropriate order will be entered.[1]

DONE this 13th day of May, 2009.

_____
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] This case is distinguishable from *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994) in that the complaint does not state a specific amount. Further, there have been no objections to the Report and Recommendation.