```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION

FRENCHIE GREEN,                  }
                                 }
     Plaintiff,                  }
                                 }     CIVIL ACTION NO.
v.                               }     2:14-CV-01684-WMA
                                 }
WAL-MART STORES EAST, L.P.,      }
                                 }
     Defendant.                  }
                                 }
```

**MEMORANDUM OPINION**

Before the court is plaintiff's motion to remand. The report and recommendation by the magistrate judge to whom the case originally was assigned but in which the parties did not concede dispositive jurisdiction, recommends that the motion to remand be granted. However, after review, this court reaches a contrary conclusion, as reflected in the memorandum opinion that follows.

If this motion had been assigned to the undersigned four years ago, plaintiff would be in good shape. **But that was then. This is now.** That was when the initials "AR" in a diversity removal meant "already remanded." Now, the amount in controversy in 28 U.S.C. § 1332 is established for jurisdictional purposes when "a removing defendant makes specific factual allegations establishing jurisdiction and can support them with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (parenthesis omitted). Furthermore, "[p]unitive damages must be considered when determining the

jurisdictional amount in controversy in diversity cases." *Rae v. Perry*, 392 F. App'x 753, 755 (11th Cir. 2010), citing *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). Based upon the epiphany forced upon this court by the Eleventh Circuit, this court has recently explained that "**plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more**." *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) (emphasis added).

In her complaint, Frenchie Green alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitles her to punitive damages. (Doc. 3 at 11-16). Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999. (Doc. 3 at 9-17). Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000.

## CONCLUSION

For these reasons, the court will by separate order deny plaintiff's motion to remand.

DONE this 2nd day of December, 2014.

                                                   _____
                                                   WILLIAM M. ACKER, JR.

                                                   UNITED STATES DISTRICT JUDGE